UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26 - CR - 20035 - WILLIAMS

UNITED STATES OF AMERICA

v.

TOMAS NIEMBRO CONCHA,

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, Criminal Division, Money Laundering, Narcotics, and Forfeiture Section (collectively, the "Government" or the "United States") and Tomás Niembro Concha (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to waive indictment and to plead guilty to the two-count Information filed in this case, which charges the defendant with (a) conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and (b) conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), in violation of Title 50, United States Code, Section 1705.

2.     The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines"), as well as other factors enumerated in Title 18, United States Code, Section 3553(a). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which

investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1, and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.　　The defendant also understands and acknowledges that:

a.　　For the charge in the Information of conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The Court may also order forfeiture of proceeds of the conspiracy to commit wire fraud obtained by the defendant.  The Court shall also order restitution to victims of the conspiracy to commit wire fraud, which is mandatory pursuant to 18 U.S.C. § 3663A, in amount to be determined by the Court at sentencing.

b.　　For the charge in the Information of conspiracy to violate the International

2

Emergency Economic Powers Act in violation of Title 50, United States Code, Section 1705, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The Court may also order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the Government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The Government agrees to recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense

3

level is determined to be 16 or greater, the Government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. The Government, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The Government and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. **Wire Fraud Conspiracy (Count 1)**

        i. **Base offense level**: Pursuant to USSG § 2B1.1(a)(1), the base offense level for the charged offense is 7;

        ii. **Loss/Gain Amount**: Pursuant to USSG § 2B1.1(b)(1)(K), a 20-level increase to the offense level applies corresponding to the amount of loss from the offense (more than $9,500,000 but not more than $25,000,000);

        iii. **Substantial Hardship**: Pursuant to USSG § 2B1.1(b)(2)(A)(iii), a two-level increase to the offense level applies because the offense resulted in substantial financial

hardship to one or more victims;

    iv.  **Sophisticated Means**: Pursuant to USSG § 2B1.1(b)(10)(C), a two-level increase to the offense level applies because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means;

    v.  **Substantially Jeopardized Safety and Soundness of a Financial Institution**: Pursuant to USSG § 2B1.1(b)(17)(B)(i), a four-level increase to the offense level applies because the offense substantially jeopardized the safety and soundness of a financial institution;

    vi.  **Abuse of Trust**: Pursuant to USSG § 3B1.3, a two-level increase to the offense level applies because the defendant abused a position of private trust.

    vii.  **Total Offense Level**: Accordingly, the total offense level for the wire fraud conspiracy count is 37.

   b.  **IEEPA Conspiracy (Count 2)**

    i.  **Base offense level**: Pursuant to USSG § 2M5.1(a)(1), the base offense level for the charged offense is 26;

    ii.  **Abuse of Trust**: Pursuant to USSG § 3B1.3, a two-level increase to the offense level applies because the defendant abused a position of private trust.

    iii.  **Total Offense Level**: Accordingly, the total offense level for the IEEPA conspiracy count is 28.

   c.  **Combined Offense Level**: Pursuant USSG §§ 3D1.1(a), 3D1.2, the wire fraud conspiracy and IEEPA conspiracy counts shall not be grouped together. Since the total offense level applicable to the IEEPA conspiracy count differs by 9 or more levels from the total offense level applicable to the wire fraud conspiracy count, according to USSG § 3D1.4(c), the

IEEPA conspiracy count shall not increase the applicable combined offense level. Accordingly, the combined offense level is 37, less any adjustment for Acceptance of Responsibility.

d. **Criminal History Category**: The defendant has a Criminal History Category of I.

8. In the event that the defendant chooses to seek a variance from the sentencing guideline range, the defendant further agrees that any such application shall be filed in writing with the Court and served on the United States no later than the deadline for submitting objections to the Pre-Sentence Investigation Report stated in Federal Rule of Criminal Procedure 32(f)(1).

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of (i) Title 18, United States Code, Section 1349, a conspiracy to violate Title 18, United States Code, Section 1343 and/or (ii) a conspiracy to commit a violation of Title 50, United Sates Code, Section 1705. In addition, the defendant agrees to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of at least $16,927,926.79 million in U.S. currency, which sum represents the value of the proceeds derived from the wire fraud conspiracy.

10. The defendant further agrees to relinquish all ownership rights, claims, interests, and entitlements, whether legal or equitable, to any shares of PROLUB, S.A., a Colombian oil corporation ("the Shares"). The defendant acknowledges and agrees that by entering into this agreement, the defendant forever waives and abandons any claim of ownership or interest in the Shares, and consents to the forfeiture of the Shares to the United States. In the event that the Shares are liquidated or sold by the United States or its designee, the net proceeds of the liquidation or

sale of the Shares, corresponding to the defendant's ownership interest in the Shares, may be applied in partial satisfaction of the defendant's forfeiture money judgment, up not, but may not exceed $1,050,000.00 in U.S. dollars. Any proceeds from the liquidation or sale exceeding $1,050,000.00 shall be forfeited to the United States and shall not be applied to the defendant's forfeiture money judgment.

11.     The defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offenses of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12.     The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the

forfeiture. The defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

13.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. In addition to the foregoing provisions, the defendant hereby waives all rights to argue on appeal that the statute to which the defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the Government, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

14.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office, or the Court. The defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Government, or a recommendation made jointly by both the defendant and the Government.

15. The Government and the defendant stipulate to and agree not to contest the facts in the Factual Proffer, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charges discussed in paragraph 1, the factual basis set forth in the Factual Proffer does not purport to represent all facts and circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual Proffer is not intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

16. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charges identified in paragraph 1 above, or should the Government, in its sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Government will be released from its obligations under this agreement, and

the defendant agrees and understands that:

a. the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

b. any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Government;

c. the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Information, referred to herein, shall remain in full force and effect;

d. the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or the Government; and

e. the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

10

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 3-19-26

P.P.

By:

FELIPE PLECHAC-DIAZ
Assistant United States Attorney


MARGARET A. MOESER, CHIEF
CRIMINAL DIVISION, MONEY
LAUNDERING, NARCOTICS AND
FORFEITURE SECTION
U.S. Department of Justice

Date: 3-19-26

By:

JAVIER URBINA
SAMIR PAUL
Trial Attorneys


Date: 3|19|26

By:

MICHAEL NADLER
Counsel for defendant Tomas Niembro
Concha   Joan Michelen For Michael Nadler


Date: 3|19|26

By:

TOMAS NIEMBRO CONCHA
Defendant

11